IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK09-40415-TLS |
| TODD A. HEDLUND and ) | A09-4043-TLS |
| KELLY A. HEDLUND, ) | |
| ) | CHAPTER 7 |
| Debtor(s). ) | |
| BEAR ROCK FRANCHISE SYSTEMS, INC.; ) | |
| BEAR ROCK HOLDINGS, INC.; and ) | |
| W. GARY BRYANT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| TODD A. HEDLUND and ) | |
| KELLY A. HEDLUND, ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is before the court on the debtor-defendants' motion for summary judgment (Fil. #18) and opposition by the plaintiffs (Fil. #36). Laura E. Troshynski and Trev E. Peterson represent the debtor-defendants, and Brian E. Jorde and Mark D. Raffety represent the plaintiffs. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

I. BACKGROUND

The plaintiffs hold judgments totaling $204,802.17 against the debtor-defendants. After the debtors filed their Chapter 7 petition, the plaintiffs filed this adversary proceeding to object to discharge. Specifically, Count I of the amended adversary complaint is premised on 11 U.S.C. § 727(a)(4)(A), alleging that the debtors made a false oath or account by scheduling jewelry with a value of $500.00 when the plaintiffs believe its value to be higher. Count II of the complaint is premised on § 727(a)(2)(A), alleging that the debtors made a fraudulent transfer by creating a deed of trust on their residence, in nearly the same amount as the plaintiffs' judgment, one day before judgment was entered in favor of the plaintiffs. The debtor-defendants have now moved for summary judgment as to the claims raised in the complaint.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, ___ U.S. ___, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). *See also Celotex Corp.*, 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial.").

## III. UNCONTROVERTED FACTS

The following facts are undisputed:

A. On March 26, 2008, the plaintiffs (hereafter collectively referred to as "Bear Rock") obtained a judgment against the Hedlunds in the United States District Court of the Eastern District of North Carolina in the amount of $198,821.01 with interest accruing at 8% per annum from November 1, 2007. The judgment confirmed an arbitration award entered in Bear Rock's favor in 2007 concerning a restaurant franchise agreement.

B. On June 25, 2008, the same court entered a judgment of $5,982.16 against the Hedlunds for attorneys' fees and expenses.

C. On October 23, 2008, Bear Rock filed a petition for registration of foreign judgment in the District Court of Lancaster County, Nebraska.

D. On February 20, 2009, the Hedlunds filed a joint voluntary Chapter 7 petition in bankruptcy in the United States Bankruptcy Court for the District of Nebraska. As part of Schedule B of their bankruptcy filings, the Hedlunds listed jewelry, which they valued at approximately $500.00.

E. The Hedlunds own real property commonly known as 5120 South 90th Street, Lincoln, Nebraska. That property is their primary residence and it is subject to the first lien of Mutual of Omaha Bank, which provided the take-out financing for the construction loans also made by Mutual of Omaha Bank to build the residence.

F. The value of the property is roughly $640,000.00.

G.  The Hedlunds executed an additional deed of trust on the property to Howard County Bank, as beneficiary and trustee. This deed of trust was dated March 25, 2008, and was signed and notarized on April 2, 2008. The deed of trust was filed with the Register of Deeds of Lancaster County, Nebraska, on April 3, 2008, as Instrument No. 2008-15095.

H.  The deed of trust secures two promissory notes in favor of the Howard County Bank, both computer-dated March 25, 2008, and signed on April 17, 2008. The first promissory note is in the amount of $198,210.00, and the second promissory note is in the amount of $60,000.00.

I.  The Howard County Bank was a division of Sherman County Bank. Sherman County Bank was closed by the Nebraska Department of Banking and Finance, and the Federal Deposit Insurance Corporation was appointed as receiver of that institution. The indebtedness held by the Howard County Bank was transferred by the FDIC to one or more transferees who in turn ultimately assigned the debt to the Security State Bank of Ansley, Nebraska. Security State Bank of Ansley, Nebraska, is now the holder of the debt at issue.

## IV. DISCUSSION

A.  11 U.S.C. § 727(a)(4)(A)

Section 727(a)(4)(A) prohibits a discharge when "the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account."

> Section 727(a)(4)(A) is on the statute books to promote the integrity of the bankruptcy process. *Korte v. Internal Revenue Serv. (In re Korte)*, 262 B.R. 464, 474 (B.A.P. 8th Cir. 2001); *Cepelak v. Sears (In re Sears)*, 246 B.R. 341, 347 (B.A.P. 8th Cir. 2000). *See also In re Harris*, 385 B.R. 802, 805 (B.A.P. 1st Cir. 2008). When filing for bankruptcy, a petitioning debtor is required to disclose, in writing, his debts, his assets, his income and expenses, and numerous other aspects of his financial history and condition. 11 U.S.C. §§ 521(a)(1)(A) and (B)(i)-(vi). This disclosure is made in the form of verified statements and schedules, on forms prescribed by the Judicial Conference of the United States. The verification has the force and effect of an oath under 28 U.S.C. § 1746; so, the submission of such documents with false content constitutes a false oath. *In re Korte*, 262 B.R. at 474; *In re Sears*, 246 B.R. at 347; *In re Mathern*, 137 B.R. 311, 327 (Bankr. D. Minn. 1992), *aff'd*, 141 B.R. 667 (D. Minn. 1992). "The entire thrust of an objection to discharge because of a false oath . . . is to prevent knowing fraud or perjury in the bankruptcy case." *In re Wills*, 243 B.R. 58, 63 (B.A.P. 9th Cir. 1999). The underlying thought is that a debtor must take all reasonable means to see that "the petition, including schedules and statements, [is] accurate and reliable, without the necessity of [the trustee and creditors] digging out and conducting independent examinations to get the facts." *Mertz v. Rott*, 955 F.2d 596, 598 (8th Cir. 1992).

*Bernhardt v. Radloff (In re Radloff)*, 418 B.R. 316, 321-22 (Bankr. D. Minn. 2009).

A false oath bars discharge in bankruptcy if it is both material and made with an intent to defraud. *Korte*, 262 B.R. at 474. The threshold of materiality is fairly low. *Sears*, 246 B.R. at 347. A matter is "material" if it concerns the discovery of assets or the existence and disposition of estate property. *Mertz*, 955 F.2d at 598; *Ellsworth v. Bauder (In re Bauder)*, 333 B.R. 828, 830 (B.A.P. 8th Cir. 2005). The omitted or misstated value of assets is relevant to materiality, but materiality will not turn on value. *Sears*, 246 B.R. at 347. The failure to disclose an asset of relatively modest value, or a false recitation as to it, can still be considered "material," as long as the asset became property of the bankruptcy estate by operation of 11 U.S.C. § 541(a). *Radloff*, 418 B.R. at 322 (citing *Mertz*, 955 F.2d at 598). Moreover, the fact that the particular asset could have been claimed as exempt does not deprive the omission or false scheduling of materiality. *Id.*

In the present case, the Hedlunds listed wedding rings with a current value of $500.00 under the "furs and jewelry" section of Schedule B, the list of their personal property. Bear Rock challenges this statement with a 2007-08 insurance policy declaration showing the Hedlunds' possession of a total of seven other pieces of diamond and gold jewelry, including rings, earrings, pendants, and necklaces. For insurance purposes, the pieces were valued at $20,670.00. In support of their motion for summary judgment, the Hedlunds have submitted two statements by local jewelers estimating the "liquidation value" of the jewelry to be between $1,900.00 and $2,762.00. The Hedlunds further offer proof that the jewelry constitutes gifts between the spouses and on that basis would be exempt as immediate personal possessions under Neb. Rev. Stat. § 25-1556(1).

As indicated above, however, an exempt asset nevertheless must be properly scheduled. Moreover, the bankruptcy court in this district has not had occasion to rule on the scope of the "immediate personal possessions" exemption with regard to jewelry. Two cases that have addressed it have permitted a single diamond ring to be exempted as "traditionally sentimental and symbolic of the family," *In re Jud*, Neb. Bkr. 99:107 (May 12, 1999); *In re Burkman*, Neb. Bkr. 94:687 (Nov. 8, 1994), but there have been no decisions exempting a debtor's entire jewelry collection as "immediate personal possessions."

In addition, the debtors' own evidence indicates they understated the value of the jewelry by at least $1,400.00 on their schedule. That value is an asset of the bankruptcy estate and, if not completely exempted, could be used to pay unsecured claims.

The Bankruptcy Code requires that a discharge be denied when the debtor "knowingly and fraudulently" made a false oath or account. The question of a debtor's knowledge and intent under § 727(a)(4) is a factual matter. *Korte*, 262 B.R. at 474. A party objecting to discharge must establish (1) the debtor's knowledge of his or her interest in the asset and his or her understanding that the information must be disclosed in the bankruptcy schedules and statements, and (2) whether the debtor intended to induce someone reading the schedules to a particular course of action in reliance on the schedule's omission or misrepresentation. *Radloff*, 418 B.R. at 322-23. Conclusions about a debtor's state of mind are difficult to draw at the summary judgment stage, so that leaves a genuine issue of material fact for trial.

B.	11 U.S.C. § 727(a)(2)(A)

Section 727(a)(2) of the Bankruptcy Code states, in relevant part, that:

> (a) The court shall grant the debtor a discharge, unless —
>    . . .
>    (2) the debtor, with intent to hinder, delay, or defraud a creditor . . . has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed —
>       (A) property of the debtor, within one year before the date of the filing of the petition[.]

To prevail on the complaint, the plaintiffs must show that (1) the debtors' actions took place within twelve months prior to the filing of their petition for bankruptcy relief; (2) the debtors took the actions with the intent to hinder, delay or defraud their creditors; (3) the debtors themselves took the actions; and (4) the debtors' actions consisted of transferring or concealing property. *City Nat'l Bank of Ft. Smith, Ark. v. Bateman (In re Bateman)*, 646 F.2d 1220, 1222 (8th Cir. 1981).

Bear Rock alleges that the Hedlunds, by granting a deed of trust on their house to Howard County Bank on the eve of the entry of a judgment against them in favor of Bear Rock, made a fraudulent transfer under Neb. Rev. Stat. § 36-705, a section of the Nebraska Uniform Fraudulent Transfer Act ("NUFTA"). Section 36-705 provides:

> 36-705. Transfers fraudulent as to present and future creditors
>    (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>       (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
>       (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>          (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>          (ii) intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.
>    (b) In determining actual intent under subdivision (a)(1) of this section, consideration may be given, among other factors, to whether:
>       (1) the transfer or obligation was to an insider;
>       (2) the debtor retained possession or control of the property transferred after the transfer;
>       (3) the transfer or obligation was disclosed or concealed;
>       (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

    (5) the transfer was of substantially all the debtor's assets;
    (6) the debtor absconded;
    (7) the debtor removed or concealed assets;
    (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
    (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
    (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and
    (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

The only element of § 727(a)(2)(A) at issue is whether the debtors took the action with intent to hinder, delay, or defraud creditors. The Hedlunds assert that the deed of trust was a transfer for value in that it secured the renewal of existing debt and simply replaced the bank's lien on their previous home after it was sold and permanent financing was in place on their current home. The bank released its deed of trust on the Hedlunds' previous home in October 2007. The deed of trust at issue here secures two promissory notes dated March 25, 2008. One, in the principal amount of $198,210.00, was a business loan co-signed by the Hedlunds. The other, in the principal amount of $60,000.00, was a business loan to the Hedlunds. According to the bankruptcy schedules, the Hedlunds' current home is worth $640,000.00. Mutual of Omaha Bank holds a first lien against it in the amount of $412,000.00. The two Howard County Bank loans subsumed the remaining value of the property. The evidence on the summary judgment motions does not support the argument that the transfer was for an antecedent debt. There is no evidence that a debt to the bank existed at the time the deed of trust was executed and filed. The debtors did not become obligated on the underlying loans until April 17th, three weeks after the trust deed was recorded. Whether the parties intended the transfer to be contemporaneous, and whether the delay between the granting of the deed of trust and the receipt of the loan proceeds means the exchange was not substantially contemporaneous, are questions of fact to be established at trial. Even if the transfer is found to be substantially contemporaneous, it could nevertheless be fraudulent if made with actual intent to hinder, delay, or defraud creditors. Intent is a factual issue on which the credibility of the debtors must be ascertained, and on which the badges of fraud in Section 36-705(b) will be relevant, so summary judgment cannot be granted at this point.

IT IS ORDERED: The debtor-defendants' motion for summary judgment (Fil. #18) is denied.

DATED: June 7, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Laura E. Troshynski
    *Trev E. Peterson
    Brian E. Jorde
    Mark D. Raffety
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.